**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XIAOBING WANG AND LIANGQING LI,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUA JIE, *ET AL.*,**<br><br>Defendants. | Civil Case No.: 2:25-cv-00144<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

**DECLARATION OF XIAOBING WANG**

I, Xiaobing Wang, hereby declare, and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. The following information regarding sales information is accurate to the best of my knowledge.

2. I am one of the investors and owners of U.S. patent registration number US 8,294,542 (hereinafter the "'542 Patent") and '542 Patent-derived products, which makes and sells a range of magnetic suspension products under the '542 Patent. Attached hereto as Exhibit A is a true and correct copy of '542 Patent registration. As one of the investors and owners, I have personal knowledge regarding the '542 Patent intellectual property and sales. I make this declaration from my personal knowledge unless otherwise stated.

3. We put large efforts in developing the invention described in the '542 Patent in 2006 to overcome the deficiencies of those conventional suspension devices. We estimate that

the cost of developing the invention was around $160,000 in 2006. We have invested significant time, money, and manpower into the promotion of the ‘542 Patent-protected products, including advertising, promotions, and online publications.

4. We started to launch the products and received great commercial success in China. Due to the protection provided by the counterpart Chinese patent, only licensed sellers can sell the products in China.

5. Our Alibaba Marketplace is the primary sales point.

6. Defendants, through Amazon.com, Walmart and other online marketplace Seller Accounts, offer infringing ‘542 Patent-based products using the registered ‘542 Patent. These products are advertised as and are similar in appearance to original ‘542 Patent products.

7. Defendants have targeted sales to Pennsylvania residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Pennsylvania.

8. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the ecommerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. In the United States, we only licensed the ‘542 Patent to

our jointly owned company HCNT Technology exclusively and have not licensed or sold the ‘542 Patent to other parties for their use. As such, Plaintiffs have not licensed the Patent-in-Suit to Defendants.

9. Monetary damages cannot adequately compensate Plaintiffs nor HCNT for ongoing infringement because monetary damages fail to address the damage to Plaintiffs’ nor HCNT’s control over its rights in the HCNT Brand, its reputation, associated goodwill, and ability to exploit the protected invention. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to Plaintiffs’ and HCNT’s control over its rights in the protected invention, its reputation, associated goodwill, market share, and ability to exploit the protected invention by acts of infringement.

10. We are further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the protected invention because infringers take away our ability to control the nature and quality of the Infringing Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the protected invention and, in turn, loss of control over HCNT’s reputation is neither calculable nor precisely compensable.

11. We will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

12. Attached hereto as Exhibit C are true and correct copies of images captured from Defendants’ Amazon.com, Walmart and other online marketplace Seller Accounts listings

showing the infringing products. I have reviewed the products listings and am of the opinion that each of Defendants' Infringing Products infringe the Patent-in-Suit.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the 31st day of January 2025, in Guangdong, China.

Respectfully submitted,

*Xiaobing Wang*
Xiaobing Wang