IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **XIAOBING WANG AND LIANGQING LI,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUA JIE,** *ET AL.***,**<br><br>Defendants. | Civil Case No.: 2:25-cv-00144<br><br>Honorable William S. Stickman IV<br><br>JURY TRIAL DEMANDED |

**<u>FINAL DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION AS TO CERTAIN DEFENDANTS[1]</u>**

This action having been commenced by Plaintiffs Xiaobing Wang and Liangqing Li ("PLAINTIFFS") against the defendants, Gua Jia and the other individuals, partnerships, and unincorporated associations as delineated in Schedule A to PLAINTIFFS' Complaint, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A to PLAINTIFFS' Complaint, and PLAINTIFFS having moved for entry of a Default Judgment Order and Permanent Injunction against the defendants identified on Schedule A, attached hereto, who have defaulted and not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having considered the PLAINTIFFS' Motion for Default Judgment and Permanent Injunction, the Declaration in support thereof, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of the Court (ECF 58), and upon all other pleadings and papers on file in this above captioned Lawsuit;

---

[1] This Order applies to the Defaulting Defendants identified in Schedule A hereto, who have defaulted in this matter, as entered by the Clerk (ECF 58). This Order does not dispose of all the claims against all of the Defendants.

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of PLAINTIFFS' Complaint are uncontroverted and are deemed admitted;

It is hereby ORDERED as follows:

## I.    LIABILITY AND DAMAGES

A. Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants. Judgment is granted in favor of PLAINTIFFS on all claims asserted against Defaulting Defendants listed on the Schedule A in PLAINTIFFS' Complaint[2].

B. This Court finds Defaulting Defendants liable for willful federal patent infringement. Pursuant to 35 U.S.C. § 284, PLAINTIFFS are awarded compensatory damages from each of the Defaulting Defendants in the amount of $150,000.00, including for willful infringement of PLAINTIFFS' Patent on products sold through at least the Defaulting Defendants' Internet Stores. This award shall apply to each Defaulting Defendant only once.

C. Any Third Party Providers[3] or Financial Institutions[4] holding funds for Defaulting Defendants shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin

---

[2] PLAINTIFFS' Complaint alleges PLAINTIFFS are the owners of the federally registered patent US 8,294,542 ("PLAINTIFFS' Patent") and that each Defendant is willfully offering for sale products that infringe upon at least Claim 1 of PLAINTIFFS' Patent ("Infringing Products").

[3] Third Party Providers are Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), eBay, Inc. d/b/a ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com, and any other third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third- party processors and other payment processing services, shippers, domain name registrars and domain name registries.

[4] Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, such as Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")6, Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com ("Financial Institutions"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the compensatory damages awarded in Paragraph B above) or other of Defaulting Defendants' assets.

D. All monies (up to the amount of the compensatory damages awarded in Paragraph B above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to PLAINTIFFS as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to PLAINTIFFS the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

E. Until PLAINTIFFS have recovered full payment of monies owed to it by any Defaulting Defendant, PLAINTIFFS shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

F. In the event that PLAINTIFFS identify any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PLAINTIFFS may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by Third Parties.

## II.    PERMANENT INJUNCTION

A. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant shall be permanently restrained and enjoined from:

    1) (a) their unauthorized and unlicensed use of PLAINTIFFS' Patent in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise

moving, storing, distributing, returning, or otherwise disposing of, in any manner products which infringe on PLAINTIFFS' Patent;

2) passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFFS product or any other product produced by PLAINTIFF, that is not PLAINTIFFS or not produced under the authorization, control, or supervision of PLAINTIFFS and approved by PLAINTIFFS for sale under the PLAINTIFFS' Patent;

3) committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFFS, or are sponsored by, approved by, or otherwise connected with PLAINTIFFS and/or PLAINTIFFS' Patent;

4) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts[5], Merchant Storefronts[6] or any money, securities or other property or assets of Defaulting Defendants (hereinafter collectively referred to as "Defaulting Defendants' Assets");

5) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution,

---

[5] "User Accounts" are any and all accounts with the online marketplace platforms Aliexpress.com, Amazon.com, eBay.com, Joybuy, Temu.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[6] "Merchant Storefronts" are any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

6) offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

7) transferring ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs; and

8) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

B. Third Party Providers and Financial Institutions are permanently enjoined and restrained from:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to financial accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Financial Accounts").

C. Third Party Service Providers and Financial Institutions shall be permanently restrained and enjoined from engaging in any of the following acts or omissions:

1) providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products listed in Schedule A hereto; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use PLAINTIFFS' Patent.

D. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at PLAINTIFFS' choosing:

1) transfer the Defendant Domain Names to PLAINTIFFS' control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of PLAINTIFFS' selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of PLAINTIFFS' selection; or

2) disable the Defendant Domain Names and make them inactive and untransferable.

### III.    BOND

A. The bond posted by PLAINTIFFS in the amount of $5,000.00 shall remain in place until further order of this Court.

This is a Default Judgment.

SIGNED this _____ day of _____, 2025.
Pittsburgh, Pennsylvania.


_____

William S. Stickman IV
United States District Judge

**Schedule A – Defaulting Defendants**

| No. | Defendant | ASIN | Platform |
|---|---|---|---|
| 2 | 西湖龙井 | B01JFBK8HO | Amazon |
| 5 | Wnew Official Shop | B0C9D26JQD | Amazon |
| 6 | YIGAO FASHION | B0CRPB2BF6 | Amazon |
| 7 | Yibakeji | B01ET1OTV6 B0CNPP9B1N | Amazon |
| 9 | FLOTE | B09VZR5RPY | Amazon |
| 13 | Taysem | B0D1G4DWPM | Amazon |
| 14 | Fran316 | B0D7YQHZ44 | Amazon |
| 16 | JASTOO Direct | B0D6G9M73Q | Amazon |
| 23 | chenhuishangmao | 6458750160 | Walmart |
| 24 | Debao | 7873351576 | Walmart |
| 25 | shenglian | 1501982818 | Walmart |
| 26 | shaoyueshangmao | 5810867629 | Walmart |
| 27 | Accent Collection | 5083424298 | Walmart |
| 29 | jingdanshangmao | 6008024019 | Walmart |
| 30 | lu ping guo | 5275000384 | Walmart |
| 31 | xianlieshangmao | 7480272405 | Walmart |
| 32 | phospheye | 6992314038 | Walmart |
| 33 | foshanshichanchengquyanlvshangmaoyouxiangongsi | 5838981953 | Walmart |
| 34 | shenzhenmaikaisennengyuan | 7918417066 | Walmart |
| 35 | fixedach | 7000768655 | Walmart |
| 36 | guangzhounuanlishangmao | 8156805769 | Walmart |
| 37 | jiuchen7378 | 9388666214 | Walmart |
| 38 | ENAPY | 5126341336 | Walmart |
| 39 | houepaixun19675111l | 9145600378 | Walmart |
| 40 | Horohoroe | 9425871711 | Walmart |
| 41 | changshazhijipei | 9384817490 | Walmart |
| 42 | feiyushangmaoyouxiangongsi | 8195812156 | Walmart |

| 43 | shenwei | 9211771679 | Walmart |
|---|---|---|---|
| 44 | Sexy elephant | 9401611389 | Walmart |
| 45 | HONORBESS | 7059514103 | Walmart |
| 47 | YHUANG-USA | 6587651943 | Walmart |