**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XIAOBING WANG AND LIANGQING LI,** | |
| Plaintiffs, | Civil Case No.: 2:25-cv-00144 |
| v. | Honorable William S. Stickman IV |
| **GUA JIE,** *ET AL.***,** | JURY TRIAL DEMANDED |
| Defendants. | |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION**</u>

Plaintiffs, Xiaobing Wang and Liangqing Li ("Plaintiffs"), by and through their counsel,
submit this Memorandum in support of their Motion for Entry of Default Judgment Order and
Permanent Injunction against the Defendants identified in Schedule A to the Complaint who have
failed to respond or otherwise plead or have not been dismissed ("Defaulting Defendants", as
entered by the Clerk (ECF 58)).

## I. INTRODUCTION

Plaintiffs respectfully requests this Court to grant a default judgment order and permanent
injunction against the Defaulting Defendants pursuant to Fed. R. Civ. P. 55(b), awarding relief to
Plaintiffs. Defendants were properly served as per this Court's Order authorizing service by
alternative means on February 11, 2025. Despite this, Defaulting Defendants failed to answer
Plaintiffs' Complaint, and the Clerk has entered default against Defaulting Defendants (ECF 58).
As a result, the factual allegations of Plaintiffs' Complaint (ECF 2) are taken as true and a
Default Judgment Order and Permanent Injunction should issue.

1

**II. STATEMENT OF FACTS**

1.   Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and/or selling infringing versions of Plaintiffs' federally registered patent US 8,294,542 (the "Infringing Products") to unknowing consumers. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identity and the full scope and interworking of their infringing operation. *See* Plaintiffs' Complaint (ECF 2) at ¶ 1.

2.   Plaintiffs are the inventors and owners of United States Patent No. 8,294,542 entitled "Magnetic Suspension Device" (hereinafter "Patent-in-Suit"). The U.S. registration for the Patent-in-Suit is valid, subsisting, and in full force and effect. *See* Plaintiffs' Complaint (ECF 2) at ¶¶ 6, 13.

3.   Plaintiffs estimate the cost of developing the Patent-in-Suit was around $160,000.00 in 2006. Plaintiffs have invested significant time, money, and manpower into the promotion of the Patent-in-Suit products, including advertising, promotions, and online publications. *See* Plaintiffs' Complaint (ECF 2) at ¶¶ 9-10.

4.   Plaintiffs started to launch the Patent-in-Suit products and received great commercial success in China. Due to the protection provided by the counterpart Chinese patent, only licensed sellers can sell the products in China as well. Plaintiffs' products protected by the Patent-in-Suit quickly won market recognition due to its excellent performance, user-friendly and innovative design, novel limitations, and high-quality user experience. Plaintiffs' products protected by the Patent-in-Suit have been widely popular and quickly occupied a leading position in the field. Plaintiffs' products protected by the Patent-in-Suit have become recognized by consumers as high quality products sourced from Plaintiffs.   *See* Plaintiffs' Complaint (ECF 2) at ¶ 11, 14-15.

5.    The infringing behavior by Defendants severely impacts Plaintiffs' patent rights and undermines the fair competition environment in the market. The sales of Plaintiffs' products protected by the Patent-in-Suit have dropped significantly and Plaintiffs' market share has been illegally eroded. The infringing behavior of these Seller Aliases has diminished Plaintiffs' patent rights and resulted in loss of exclusivity. Plaintiffs have not been able to realize the return of investment in the products protected by the Patent-in-Suit. Plaintiffs have lost profit, market share, sales volume, marketplace rankings and visibility, control over the rights in the claimed invention, reputation, associated goodwill, and ability to exploit the protected invention. *See* Plaintiffs' Complaint (ECF 2) at ¶ 17-19.

6.    Plaintiffs have not entered a contract with or licensing agreement with Defendants for the Patent-in-Suit. *See* Plaintiffs' Complaint (ECF 2) at ¶ 20.

7.     Defendants are anonymous partnerships, individuals, and/or unincorporated associations who target sales to Pennsylvania residents by setting up and operating various "storefronts" under aliases via online retail websites accepting U.S. Dollars. Defendants target Pennsylvania consumers by selling, offering to sell, and/or shipping products that infringe the Patent-in-Suit. Defendants reside and operate in the People's Republic of China or other foreign jurisdictions with lenient intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A. *See* Plaintiffs' Complaint (ECF 2) at ¶ ¶ 22-24.

8.    Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. The e-commerce stores operating under the Seller Aliases offer to sell, and stand ready, willing, and able to sell and ship Infringing Products to the

3

United States, including Pennsylvania. Defendants' use of the Patent-in-Suit in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into Pennsylvania, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs. *See* Plaintiffs' Complaint (ECF 2) at ¶ ¶ 36, 39, 41.

9. Defendants, directly or through intermediaries, offer to sell, sell, and ship products which infringe the Patent-in-Suit. Defendants are making, using, offering for sale, selling, and/or importing into the United States, and Pennsylvania, for subsequent sale or use, Infringing Products that infringe directly and/or indirectly infringe the Patent-in-Suit. Defendants are directly infringing, literally infringing, and/or infringing the Patent-in-Suit under the doctrine of equivalents. The Infringing Products directly infringe Claim 1 of the Patent-in-Suit. The Infringing Products directly infringe Claim 2 of the Patent-in-Suit. The Infringing Products directly infringe Claim 3 of the Patent-in-Suit. The Infringing Products directly infringe Claim 8 of the Patent-in-Suit. Defendants have been and are now actively infringing the claims of the Patent-in-Suit in the State of Pennsylvania, in this judicial district, and other jurisdictions in the United States by selling or offering to sell the infringing Patent-in-Suit products. Defendants' offering for sale, sale, and shipments of Infringing Products have caused and continues to cause Plaintiffs to suffer irreparable harm through loss of Plaintiffs' exclusive patent rights, loss of market share, loss of future profits, loss of reputation, and inability to realize a return on investment. *See* Plaintiffs' Complaint (ECF 2) at ¶ ¶ 49-57.

10. Defendants' offering for sale, sale, and shipment of Infringing Products into the United States, and Pennsylvania, was willful in nature based upon the dated history of the Patent-in-Suit, Defendants' actual or constructive knowledge of the Patent-in-Suit, the significant popularity of

the Plaintiffs' Patent-in-Suit products, and the anonymous nature of Defendants. *See* Plaintiffs'

Complaint (ECF 2) at ¶ 58.

11. On February 11, 2025, Plaintiffs  served Defendants via email with copies of the

Summons (ECF 16), Complaint and accompanying documents thereof (ECF 2), the Order to Seal

(ECF 6), the Order Alt Service (ECF 8), the Scheduling Order (ECF 9), the Minute Entry (ECF

10), the TRO (ECF 11), the Scheduling Order (ECF 12), and the Bond Order (ECF 13).

12. Defendants' answers or motions under Fed. R. Civ. P. 12 were, thus, due on March 4,

2025 (ECF 16).

13. Defaulting Defendants have failed to file an answer or otherwise respond within the time

allotted by Fed. R. Civ. P. 12.

14. The Clerk has entered Default against Defaulting Defendants (ECF 58).

15. Defaulting Defendants are not minors or incompetent persons.

16. Defaulting Defendants are not in the U.S. military.


## III.          JURISDICTION AND VENUE

This Court has original subject matter jurisdiction over the claims in this action, personal

jurisdiction is proper, and venue is proper. *See* Plaintiffs' Complaint (ECF 2) at ¶ ¶ 42-47; *See*

*e.g. Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119, 1125 (W.D. Pa. 1997); *Murphy*

*v. Rolex Watch USA, Inc.,* No. 1:23-CV-00086-SPB, 2024 U.S. Dist. LEXIS 84515 (W.D. Pa.

May 9, 2024).


## IV.          ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55(b), this Court should enter a Default

Judgment Order and Permanent Injunction against Defaulting Defendants.

**A.    Default Judgment is proper.**

By failing to appear or otherwise defend against the Complaint, and through the Clerk's entry of Default, Defaulting Defendants are deemed to have admitted every allegation of Plaintiffs' Complaint and the Court must only determine whether Plaintiffs' Complaint properly states a claim for relief.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see also Pair Networks, Inc. v. Lim Cheng Soon*, 2013 WL 452565, *1 (W.D. Pa., February 6, 2013).

Patent infringement occurs where a defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

Here, as mentioned, the allegations of Plaintiffs' Complaint are taken as true, and Plaintiffs' Complaint alleges sufficient facts to establish the necessary elements of its claims under 35 U.S.C. §§ 271(a), 281, and 284 - 85. Plaintiffs' factual allegations in the Complaint establish that Defaulting Defendants are liable to Plaintiffs for willful patent infringement, as seen above in the Statement of Facts. Plaintiffs' Complaint alleges that Plaintiffs own the Patent-in-Suit with all rights to enforce, and that Defaulting Defendants have committed acts of patent infringement thereon, by offering for sale and selling infringing versions of products covered by Plaintiffs' Patent-in-Suit. Plaintiffs' Complaint alleges that Defaulting Defendants' illegal conduct was willful in nature based upon the longevity of Plaintiffs' Patent-in-Suit, the significant popularity of the Plaintiffs' Patent-in-Suit products, and the anonymous nature of Defendants.

As such, the allegations contained in Plaintiffs' Complaint, which must be taken as true due to Defaulting Defendants' default under Fed. R. Civ. P. 55(a), are more than sufficient to establish that the Defaulting Defendants are liable as a matter of law for each cause of action alleged in Plaintiffs' Complaint.

**B.    A Permanent Injunction is proper.**

To demonstrate entitlement to permanent injunctive relief, the movant must generally "make a sufficient showing that (1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019).

Here, by entry of this Court's TRO (11) and PI (ECF 19), this Court has already found the above requirements to be met. Plaintiffs submit that no facts or circumstances have changed that would render a permanent injunction unnecessary. *See Evony, LLC v. Holland*, No. 2:11-CV-00064, 2011 WL 1230405, at *7 (W.D. Pa. Mar. 31, 2011) ("In this case, Plaintiffs have achieved 'actual success on the merits' through the admission of liability arising from Defendant's default. Furthermore, the Verified Complaint establishes that Defendant unlawfully sells and distributes copyrighted and trademarked material of the Plaintiffs. Nothing in the facts before the Court indicates that Defendant has ceased this infringing activity; thus, a permanent injunction is warranted in this case on all claims of the Verified Complaint.")

Nevertheless, Plaintiffs will be irreparably harmed because Defaulting Defendants' actions, if allowed to persist, will continue to cause Plaintiffs to suffer harm through lost market share, lost sales, loss of reputation, loss of exclusivity, and an inability to realize a return on investment and damage to their licensee. Here, Defaulting Defendants have and will continue to sell and/or offer to sell Infringing Products to the detriment of Plaintiffs. Defaulting Defendants will collect and keep the proceeds, and thus, Plaintiffs will lose the benefit of their patent.

Moreover, there is no adequate remedy at law because absent permanent injunctive relief. Plaintiffs would be forced to repeatedly file suit any time against the Defaulting Defendants— who have shown disregard for their legal obligations and the jurisdiction of this Court—when

they infringe Plaintiffs' patent rights in the future. Here, Plaintiffs' lack of control over Defaulting Defendants' unauthorized use of their patent weighs in favor of granting permanent injunctive relief. Indeed, permanent injunctive relief is the only adequate remedy to prevent the continued threat of infringement and irreparable harm.

Third, the balance of hardships weighs strongly in Plaintiffs' favor as Plaintiffs are threatened with significant irreparable injury if a permanent injunction is not issued. Defaulting Defendants' actions have resulted in irreparable harm to Plaintiffs. In fact, Defaulting Defendants do not face hardship from Plaintiffs' permanent injunctive relief because "one who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Lawler Manufacturing Co. v. Bradley Corp.*, CAUSE NO. IP 98-1660-C M/S, 2000 U.S. Dist. LEXIS 14197, at *99 (S.D. Ind. Apr. 26, 2000) (citations omitted). Unless enjoined by this Court, Plaintiffs will suffer future irreparable harm as a direct result of Defaulting Defendants' unlawful activities.

Fourth, the public will benefit from this injunction because the public interest is advanced by enforcing faithful compliance with the laws of the United States and the State of Pennsylvania. A permanent injunction in this case is appropriate because the public interest lies in favor of upholding property interests in patents and preventing infringement. Here, there is no public interest in allowing Defaulting Defendants to infringe on the Patent-in-Suit and sell Infringing Products to the detriment of Plaintiffs' dealers, retailers, and consumers. To the contrary, the public has a strong interest in obtaining legitimate, non-counterfeit products for their needs, as opposed to the unauthorized and illicit products being trafficked by the Defaulting Defendants.

**C.      Plaintiffs are entitled to compensatory damages.**

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "A reasonable royalty 'may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant.'" *Monsanto Prod. Supply LLC v. Rosentreter*, No. 3:16-cv-03038, 2017 U.S. Dist. LEXIS 158532, at *11 (C.D. Ill. Sep. 27, 2017) (quoting *Rite—Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1554 (Fed.Cir.1995)). The "hypothetical negotiation approach 'requires the court to envision the terms of a licensing agreement reached as a result of a supposed meeting between the patentee and the infringer at the time the infringement began.'" *Id*. (quoting *Rite—Hite Corp*., 56 F.3d at 1554)).

Here, Plaintiffs request compensatory damages of $50,000.00 per Defaulting Defendant based on the lost profits, length of use, territory of use, consumer confusion, loss of reputation, loss of market, and demand. *See* Declaration of Ge (Linda) Lei, ¶ ¶ 4-6. Although a "hypothetical negotiation" is difficult to ascertain due to Defaulting Defendants' default, the factors listed above would determine an appropriate licensing fee. In this case, Plaintiffs submit that, based on the factors above as described in the attached Declaration of Ge (Linda) Lei, the relief sought is a reasonable licensing fee that would result from a hypothetical negotiation between Plaintiffs and each Defaulting Defendant.

**D.      Plaintiffs are entitled to enhanced damages.**

Next, "[w]hen the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Here, due to the willfulness of Defaulting Defendants' actions, Plaintiffs request

the $50,000.00 compensatory damage award be tripled, totaling $150,000.00 per Defaulting Defendant. Such an award serves the public interest in making the misconduct unprofitable and deters future quick-and-easy, willful violations.

Here, as alleged in Plaintiffs' Complaint, which must be taken as true, Defendants' offering for sale, sale, and shipment of Infringing Products into the United States, and Pennsylvania, was willful in nature based upon the dated history of the Patent-in-Suit, Defendants' actual or constructive knowledge of the Patent-in-Suit, the significant popularity of the Plaintiffs' Patent-in-Suit products, and the anonymous nature of Defendants. *See* Plaintiffs' Complaint (ECF 2) at ¶ 58.

Indeed, Defaulting Defendants' actions were willful in nature. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 37 (Fed. Cir. 2012) (quotation omitted) ("First, the fact-finder must determine whether an infringer is guilty of conduct upon which increased damages may be based. ..., an act of willful infringement satisfies th[e] culpability requirement and is, without doubt, sufficient to meet the first requirement to increase a compensatory damages award."); *See e.g. Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civil Action No. 09-290, 2014 U.S. Dist. LEXIS 43042, at *29 (W.D. Pa. Mar. 31, 2014) ("The Court has already determined that Marvell willfully infringed CMU's patents in its prior decision of September 23, 2013, (see Docket No. 901), and this initial finding is sufficient to justify the imposition of a penalty of enhanced damages against Marvell, as the willful infringer.").

"The remaining decision for the Court requires the exercise of its sound discretion to determine 'whether, and to what extent, to increase the damages award given the totality of the circumstances.'" *Carnegie Mellon Univ.*, 2014 U.S. Dist. LEXIS 43042, at *31 (quoting *Whitserve*, 694 F.3d at 37).

In some cases, the Courts in this District have looked to the *Read* factors, which include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent, investigated the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior in the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the misconduct; (7) the remedial action by the infringer; (8) the infringer's motivation for harm; and, (9) whether the infringer attempted to conceal its misconduct. *See Read Corp. v. Portec*, Inc., 970 F.2d 816 (Fed. Cir. 1992).

In this case, based on the evidence on the docket, Defaulting Defendants have deliberately copied the Patent-in-Suit owned by Plaintiffs. Based on the detailed claim charts and infringing evidence submitted, Defaulting Defendants' Infringing Products are virtually identical to the Patent-in-Suit. As alleged in Plaintiffs' Complaint, Plaintiffs have taken previous action against Seller Aliases for the Patent-in-Suit and the Patent-in-Suit has a dated history. Here, Defaulting Defendants' knew, or should have known, of the Patent-in-Suit's validity and the infringing nature of their Infringing Products of virtual identical nature. Moreover, Defaulting Defendants were made aware of the Patent-in-Suit upon service of the Complaint; and Defaulting Defendants still failed to appear. Although the duration of misconduct is generally unknown due to Defaulting Defendants' default, the liability of infringement in this case was not close – Defaulting Defendants' Infringing Products are virtually identical to the Patent-in-Suit. Further, as noted, Defaulting Defendants took no remedial action. Finally, Defaulting Defendants clearly attempted to conceal their misconduct through the use of Seller Aliases and anonymity, further evidencing Defaulting Defendants' motivation for harm.

Based on the foregoing, Plaintiffs ask this Court to find for increased damages under 35 U.S.C. § 284, awarding Plaintiffs' $150,000.00 per Defaulting Defendant.

11

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant a default judgment and permanent injunction against Defaulting Defendants and enter Plaintiffs' proposed default judgment order. Plaintiffs request that this Court Order the transfer of the restrained funds from the Third Party Providers as partial satisfaction of this judgment.[1]

DATED March 19, 2025                          Respectfully submitted,

                                             /s/ Ge (Linda) Lei
                                             Ge (Linda) Lei
                                             Getech Law LLC
                                             203 N. LaSalle St., Suite 2100,
                                             Chicago, IL 60601
                                             Attorney No. 6313341
                                             Linda.lei@getechlaw.com
                                             312-888-6633

                                             *ATTORNEY FOR PLAINTIFFS*

---

[1] Such orders are routinely entered Courts in this District to satisfy monetary judgment awards in similar Schedule A cases. *See Nifty Home Products, Inc. v. Kafa Company, et al.*, No. 22-cv-1694 (W.D. Pa., September 12, 2023)(Colville , J.)[ECF No. 77}; *Talisman Designs, LLC v. Ahappyday*, No. 20-cv-1915 (W.D. Pa, February 24, 2022)(Colville, J) [ECF No. No. 79]; *Talisman Designs v. Angelworld*, No. 21-cv-1292 (W.D. Pa., February 24, 2022)(Colville, J); *Doggie Dental v. Ahui*, 19-1627 (September 27, 2021)(Hornak, CJ); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 (W.D. Pa., April 21, 2020) (Schwab, J.); *Rapid Slicer LLC v. Art-House*, No. 19-411 (W.D. Pa., Jan. 9, 2020) (Horan, J.); and *Airigan Solutions, LLC v. Abagail*, No. 19-cv-503 (W.D. Pa., Aug 13, 2019) (Fischer, J.);  *Doggie Dental v. Anywill,* No. 19-cv-682 (W.D. Pa., August 14, 2020)(Hornak, CJ); *Doggie Dental v. Max_Buy*, 19-746 (W.D. Pa., August 14, 2020) (Hornak, CJ); *DoggieDental v. Go Well*, 19-1282(W.D. Pa., August 14, 2020) (Hornak, CJ); and *Doggie Dental v. Worthbuyer*, 19-1283 (W.D. Pa., August 14, 2020) (Hornak, CJ).