**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XIAOBING WANG AND LIANGQING LI,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUA JIE,** *ET AL.***,**<br><br>Defendants. | Civil Case No.: 2:25-cv-00144<br><br>Honorable William S. Stickman IV<br><br>JURY TRIAL DEMANDED |

## <u>DECLARATION OF GE (LINDA) LEI</u>

I, Ge (Linda) Lei, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Western District of Pennsylvania. I am the attorney for Plaintiffs. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. I hereby certify that Defaulting Defendants (as defined in the accompanying Memorandum) have failed to answer or otherwise plead in this action within the allotted time in violation of Federal Rule of Civil Procedure 12(a)(1)(A).

3. My office investigated the infringing activities of Defaulting Defendants, including attempting to identify the owner associated with the Defendant Internet Stores and their contact information. Our investigation confirmed that Defaulting Defendants are primarily domiciled in China or other foreign location. As such, I am informed and believe that Defaulting Defendants are not active-duty members of the U.S. armed forces.

1

4. **Licensing Agreement.** Plaintiffs seek $50,000.00 in compensatory damages as the reasonable licensing fee that Defaulting Defendants would have paid Plaintiffs throughout their course of infringement. Plaintiffs based this number on the following evidence:

    a. Lost Profits.

        i. Defaulting Defendants, through the known trade routes as alleged in Plaintiffs' Complaint (of which Plaintiffs believe more exist), sold 2,108 units of Infringing Products for $221,920.20 in revenue.

    b. Length of Use. The Defaulting Defendants have been using Plaintiffs' Patent since at least the following date – and likely early through other trade routes not discoverable due to Defaulting Defendants' default and anonymous nature. The exact timeframe Defaulting Defendants' infringing activities started is generally unknown due to the lack of discovery available. The earliest date available of Defaulting Defendants (which many do not disclose) is:

        i. April 26, 2016

    c. Territory. Defaulting Defendants did not use any territory restrictions when selling and/or offering to sell Infringing Products. As such, this factor would increase any reasonable licensing fee.

    d. Consumer Confusion. Consumer confusion has occurred as evidenced by Defaulting Defendants' sale of 2,108 units of Infringing Products generating $221,920.20 – which is the minimum because Defaulting Defendants were likely selling to other distributers and third parties; however, Plaintiffs have no way of discovering these sales based on the anonymous nature of the Seller Aliases.

Based on infringing sales, consumers were confused as to whether the products were proper Plaintiff-derived-Patent products or infringing versions thereof.

e.  <u>Loss of Reputation.</u> Loss of reputation is evidenced by the reviews left on Defaulting Defendants' sites. Because of these inferior infringing products, consumer will not trust, buy or recommend Plaintiffs' Patent-in-Suit products. Below are some comments and ratings found on Defaulting Defendants' listings (many, many more exist):

1.  "it broke before i even turned it on"

2.  "Doesn't work"

3.  "Cheaply made product and impossible to balance."

4.  "So small"

5.  "Mildly interesting fire hazard"

6.  "No matter how many times I tried, how many instructions I read, and how much I wanted it to work, it did not"

7.  "…won't stay a color"

8.  "Impossible to get floating"

f.  <u>Loss of Market.</u> Because Defaulting Defendants' infringing products were virtually identical to Plaintiffs' products, consumers now have a low expectation of Plaintiffs' quality and product. Thus, Plaintiffs' loss of consumer loyalty and trust is forever tarnished. Moreover, the flooding of the market with Infringing Products by Defaulting Defendants deterred any potential, reputable licensing fee with third parties.

3

g.  Demand. As seen above, the sales of Infringing Products demonstrates the high demand for products covered by the Patent-in-Suit. Based on this popularity and demand for products covered by the Patent-in-Suit, hypothetical negotiations for a license would be much, much higher.

5.  **Willfulness.** Plaintiffs request that the compensatory damages by increased by three times, totaling $150,000.00 per Defaulting Defendant. Plaintiffs' Patent Date of Patent is October 23, 2012. Due to the longevity and dated history, Defaulting Defendants clearly were aware and had adequate notice that their products were directly infringing Plaintiffs' Patent. Further, Defaulting Defendants have not appeared, have not provided any defense, operated anonymously online, have remained anonymous, ignored this Court and Plaintiffs, and provided no explanation for their identical infringement. Based on these facts, Defaulting Defendants' actions are willful in nature.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2025 in Chicago, Illinois.

/s/ Ge (Linda) Lei
Ge (Linda) Lei