IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XIAOBING WANG, *et al*,

                 *Plaintiffs*,

     v.

GUA JIE, *et al*,

                 *Defendants*.

Civil Action No. 2:25-cv-144

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Defendants IYOUNG, vnemofey, HongJia-Tech, cishengkeji, xin xin ran, and VGAzer-Levitating Moon Lamp (collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 38). Plaintiffs Xiaobing Wang and Liangqing Li (collectively, "Plaintiffs") filed a Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 92). For the following reasons, the Court denies Defendants' motion.

## I.     FACTUAL BACKGROUND

Plaintiffs, residents of China, are the inventors and owners of United States Patent No. 8,294,542 ("'542 Patent") entitled "Magnetic Suspension Device." (ECF No. 2, ¶¶ 5- 6). Plaintiffs manufacture and sell a range of magnetic suspension products under the '542 Patent to consumers in the United States. (*Id.* ¶ 7). They estimate that the cost of developing the '542 Patent was $160,000 in 2016. (*Id.* ¶ 9). Since development, Plaintiffs allege that they have invested significant time, money, and manpower into promoting products covered by the '542 Patent. (*Id.* ¶ 10).

On January 30, 2025, Plaintiffs filed a complaint against a multitude of defendants alleging that Defendants violated 35 U.S.C. § 271(a) by offering to sell, selling, and shipping products which infringe on the '542 Patent. (*Id.* ¶¶ 48-58). Defendants are partnerships, individuals, and/or unincorporated associations. (*Id.* ¶ 22). Based on Defendants' aliases and limited available information, Defendants reside and operate in China or other foreign jurisdictions. (*Id.* ¶ 23). Plaintiffs allege that "Defendants are working in active concert to knowingly and willfully manufacture[,] import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences." (*Id.* ¶ 36). They allege:

> Even though Defendants operate under multiple fictitious Seller Aliases, the ecommerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship, such as templates with common design elements that intentionally omit any contact information, the same registration patterns, the same accepted payment methods, the same check-out methods, the same keywords and titles, the same or similar product descriptions, the same advertising tactics, the same or similar images and videos, similarities in pricing and quantities, and/or the same incorrect grammar and misspellings. Defendants' Infringing Products were manufactured by and come from a common source based on the same irregularities and virtual identicality of each of Defendants' products, further establishing a logical relationship amongst Defendants. Each Defendant, in a virtually identical manner, attempts to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation, utilizing fictitious Seller Aliases and providing no further identifying information, further establishing a logical relationship amongst Defendants. Defendants are making, using, offering for sale and/or selling of the same accused product – magnetic suspension devices, further establishing a logical relationship amongst Defendants.

(*Id.* ¶¶ 32-35). Defendants are not licensed to sell products protected by the '542 Patent. (*Id.* ¶ 20). At Count I, Plaintiffs allege that Defendants willfully violated 35 U.S.C. ¶ 271(a) by manufacturing, offering for sale, selling, and/or importing to the United States products which infringe on the '542 Patent. (*Id.* ¶¶ 50, 58). Defendants' products allegedly infringe on Claims 1, 2, 3, and 8 of the '542 Patent. (*Id.* ¶¶ 52-55).

On January 31, 2025, Plaintiffs filed a motion seeking entry of an ex parte temporary restraining order ("TRO"), expedited discovery, and an order to show cause why a preliminary injunction should not issue. (ECF No. 3). The Court granted a TRO which, in relevant part, prohibited defendants from unauthorized and unlicensed use of the '542 Patent. (ECF No. 11, p. 4). The Court subsequently granted Plaintiffs' request for a preliminary injunction. (ECF No. 19). Defendants now move to dismiss Plaintiffs' complaint arguing that Plaintiffs have not "provided any meaningful factual allegations demonstrating that Defendants' products infringe on the ['542 Patent]." (ECF No. 38, p. 17).

## II.    STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

3

allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III.    ANALYSIS

#### A. Personal Jurisdiction

Defendants originally argued that the Court lacked general and specific personal jurisdiction over Defendants; thus, Plaintiffs' complaint must be dismissed with prejudice under Rule 12(b)(2). (ECF No. 38, p. 2). In subsequent pleadings, however, Defendants "surrender[ed] their defense of lack of personal jurisdiction." (ECF No. 101, p. 1). "It is well established that personal jurisdiction is a waivable right." *Sam Mannino Enters., LLC v. John W. Stone Oil Distrib., LLC*, 26 F. Supp. 3d 482, 485 (W.D. Pa. 2014) (internal citations omitted). A defendant may consent to the personal jurisdiction of the Court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Here, Defendants consented by "surrender[ing]" their personal jurisdiction defense," (ECF No. 101, p. 1). Thus, the Court has personal jurisdiction over Defendants.

### B. Infringement of the '542 Patent[1]

Utility patents are issued pursuant to 35 U.S.C. § 101, which provides that a patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof . . . ." 35 U.S.C. § 101. 35 U.S.C. § 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent." 35 U.S.C. § 271(a). Plaintiffs allege that Defendants violated 35 U.S.C. § 271(a) by infringing on the '542 Patent. (ECF No. 2, ¶¶ 48-58).

To plead infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* To satisfy the *Iqbal/Twombly* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal quotation marks omitted). The complaint need only give a defendant "fair

---

[1] Plaintiffs allege at Count I that Defendants directly, indirectly, and willfully infringed, and continue to infringe on Claims 1, 2, 3, and 8 of the '542 Patent. (ECF No. 1, ¶¶ 36, 50, 52-55, 58). Defendants do not address each form of alleged infringement separately. Instead, Defendants' motion to dismiss appears to focus on Plaintiffs' allegations of direct infringement. Since Defendants do not analyze or address indirect or willful infringement, the Court will not either. *See Lee v. Park*, 720 F. App'x 663, 666 (3d Cir. 2017) ("[I]t is the responsibility of neither the District Court nor this Court to make the parties' arguments for them; therefore, we will not engage in a freewheeling investigation into [a legal issue] without meaningful briefing on the subject."); *Hunt Optics & Imaging, Inc. v. Greene*, 2010 WL 3303792, at *1 (W.D. Pa. Aug. 19, 2010) ("[I]t is the parties' duty, not the courts', to present legal authority and arguments in support of a motion.").

notice of what the [infringement] claim is and the ground upon which it rests." *Id.*; *see also Bot M8*, 4 F.4th at 1352. "A plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8*, 4 F. 4th at 1353 ("To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*.").

At the motion to dismiss stage, the plaintiff is not required to show how the accused products and features infringed on the patent at issue. *Robocast, Inc. v. Netflix, Inc.*, 640 F. Supp. 3d 365, 368 (D. Del. 2022).[2] For example, in *Disc Disease*, the United States Court of Appeals for the Federal Circuit reversed a district court's dismissal of the complaint on the basis that the plaintiff failed to "explain how Defendants' products infringe on any of Plaintiff's claims" as the complaint "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents." *Disc Disease*, 888 F.3d at 1260. The Federal Circuit found that the plaintiff's allegations were sufficient under *Iqbal/Twombly*, explaining that the complaint specifically identified the accused products and alleged that those products met each and every element of at least one claim of the patent at issue. *Id.* These disclosures and allegations were enough to provide the defendants with "fair notice" of infringement of the asserted patents. *Id.*

Where a plaintiff alleges that various defendants have infringed on their patent, but refers to all the defendants collectively throughout the complaint, this can be problematic from a pleading perspective. It is not impermissible to refer to multiple defendants collectively in a pleading. *See*

---

[2] To the extent it is at issue, the Court will not engage in claim construction at this point in the litigation. *See Deston Therapeutics LLC v. Trigen Lab'ys Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010) ("While it is true that claim construction is a matter of law to be determined by the Court, the process for properly construing a patent claim is unsuited for a motion to dismiss.").

*TriDiNetworks Ltd. v. NXP-USA, Inc.*, 2020 WL 2514086, at *1 (D. Del. May 15, 2020). But in

such a case, for the plaintiff to set out a plausible claim of infringement as to each defendant, the

plaintiff must plead enough facts to render it plausible that each defendant individually has

performed at least one type of U.S.-related infringing act. *Bench Walk Lighting LLC v. LG Innotek*

*Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021) (internal citations omitted). Put differently, if due

to a plaintiff's collective treatment of the defendants, the Court cannot tell whether a particular

defendant is alleged to have made, used, offered for sale, sold, or imported an accused product in

the United States, and the Court cannot understand why it is plausible that any one of those acts

has occurred, then the Court cannot conclude that there is a plausible claim of infringement alleged

as to that defendant.

> First, Defendants contend that Plaintiffs have
>
> merely presented exemplary images of alleged infringing products without any
> supporting technical analysis. The provided images are random and fail to specify
> which Defendant is responsible for which product. Without clear attribution,
> Defendants are left unable to respond properly. Mere presentation of product
> images, without technical correlation to specific patent claims, is insufficient to
> establish a plausible claim for infringement.

(ECF No. 38, p. 5). Defendants further argue that Plaintiffs' complaint must be dismissed because

their claim mapping is incomplete. (*Id.*). Thus, Plaintiffs have failed to alleged facts dealing with

all claim limitations and their "selective analysis fails to bridge the gap between the patent and

accused products, making infringement implausible." (*Id.*). Specifically, Defendants contend that

Plaintiffs have "not demonstrated how the accused products meet all the technical features of at

least Claim 1 of the ['542 Patent.]" (*Id.* at 6); (*see, e.g., id* at 11 (stating that Plaintiffs only mapped

"18 technical features of [C]laim 1 to the Levitating Globe, while . . . [C]laim 1 of the patient-in-

suit has at least 32 technical features, leaving 14 technical features, within which are essential

technical features, unaddressed"); *id.* at 16 (stating that Plaintiffs only effectively mapped 9

technical features of [C]laim 1 to the Levitating Moon Lamp, while the claim 1 of the patent-in-suit has at least 32 technical features, leaving 21 technical features, within which are essential technical features, unaddressed"); (*id.* (stating that Plaintiffs did not provide images, technical specifications, or substantive analysis with respect to the final accused product, the Levitating Bulb); ECF No. 101, pp. 8-9). Plaintiffs counter that their pleading is sufficient as it (1) identifies Defendants' infringing products; (2) adequately describes the infringement; and (3) sets forth how the accused products infringe on every limitation of at least one claim of the '542 Patent. (ECF No. 92, pp. 12-13).

Defendants' argument is based on a misunderstanding of the applicable case law. Plaintiffs are not required to identify *all* allegedly infringing products in their complaint and map those products to patent claims. *See, e.g., Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016) ("[D]efendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority.") (internal citations omitted). Rather, the complaint must allege facts permitting a plausible inference that every limitation of at least one representative patent claim is satisfied by a *representative* product. *See Document Sec. Sys., Inc. v. Everlight Elecs. Co., Ltd.*, 2017 WL 10545081, at *2 (C.D. Cal. Nov. 16, 2017) ("[A]t [the motion to dismiss] stage, a plaintiff only needs to provide sufficient factual allegations regarding how an accused product meets each of a claim's limitations."); *Novitaz, Inc. v. inMarket Media, LLC*, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (reasoning that "formal charting of patent claim elements against each accused product is [not] always necessary" if the court may "infer that it is 'plausible' that every element of a patent claim is satisfied by an accused product"); *see also Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1083 (N.D. Cal. 2023).

The Court holds that Plaintiffs' complaint adequately pleads a patent infringement claim against Defendants. Plaintiffs pled that Defendants are infringing on the '542 Patent by making, using, offering for sale, selling, and/or importing into the United States products that infringe on the patent. (ECF No. 2, ¶ 50). Plaintiffs clearly lay out the limitations of Claims 1, 2, 3, and 8. (*Id.* ¶¶ 51-55). Schedule A, attached to the complaint, identifies each defendant, their Amazon standard identification number ("ASIN"), and the platform on which they sell the accused products. (*See* ECF No. 2-2).[3] Plaintiffs attached to the complaint the '542 Patent which clearly details every claim and limitation at issue. (ECF No. 2-4). Plaintiffs included a claim chart using exemplar products which address, with images and analysis, how three representative products meet every limitation of Claim 1 (ECF No. 2-5, pp. 1-6, 15-22, 30-38), Claim 2 (*id.* at 6-7, 22-23, 38-39), Claim 3 (*id.* at 7, 23, 39), and Claim 8 (*id.* at 7-14, 23-29, 39-46). Finally, Plaintiffs attached an exhibit showing Amazon and Walmart listings for Defendants' products. (ECF No. 2-6, pp. 141-59 (showing two listings for IYOUNG's Levitating Globe), 212-21 (showing HongJia-Tech's Amazon listing for a Levitating Globe), 160-71 (showing vnemofey's Amazon listing for the Levitating Globe), 222-32 (showing cishenkeji's Amazon listing for a Levitating Globe), 117-40 (showing xin xin ran's two Amazon listings for a Levitating Moon Lamp), 257-70 (showing Walmart listings for VGAzer-Levitating Moon Lamp's magnetic levitating moon lamps)).

The Court holds that Plaintiffs' allegations, together with the representative claim chart and attached listings for Defendants' products, are sufficient to put Defendants on notice of "what the [infringement] claim is and the ground upon which it rests. *See Disc Disease*, 888 F.3d at

---

[3] The Court may consider documents attached to the complaint when deciding a motion to dismiss. *See McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009).

1260. Defendants contend that Plaintiffs' complaint must be dismissed because they did not plead allegations regarding Defendants' individual products on an element-by-element basis. Defendants misunderstand the law and attempt to apply a much higher pleading standard than is required at the motion to dismiss stage. *See Bot M8*, 4 F.4th at 1353. It is irrelevant, at this stage of litigation, that Plaintiffs did not map Defendants' specific products to the patent claims and limitations. *See Windy City*, 193 F. Supp. 3d at 1115. Plaintiffs satisfied their burden under Rule 12(b)(6) by including a claim chart that showed how every limitation of each claim at issue was infringed upon by a representative product. *See Document Sec.*, 2017 WL 10545081, at *2. Based on the complaint, the Court can plausibly infer that every limitation at issue is satisfied by Defendants' products. Like in *Disc Disease*, Plaintiffs' allegations are sufficient because they allege that Defendants' products meet every limitation of at least one claim of the '542 Patent. *See Disc Disease*, 888 F.3d at 1260. Defendants are on notice of the alleged infringing products – the Levitating Globe, Levitating Moon Lamp, and Levitating Bulb – and the claims/limitations at issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 38). An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

5/14/25
Dated

10